# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
### BECKLEY

| | |
|---|---|
| United States of America *et al.*, ) <br> *ex rel.* Steven May and ) <br> Angela Radcliffe, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> ) <br> Purdue Pharma L.P. and Purdue ) <br> Pharma, Inc., ) <br> ) <br> Defendants. ) | Civil Action No. 5:10-1423 <br> (Honorable Irene C. Berger) |

## NOTICE OF DEPOSITION OF THE PURDUE FREDERICK COMPANY PURSUANT TO RULE 45 SUBPOENA

Please take notice that, in accordance with Rule 45 of the Federal Rules of Civil Procedure, Relators, Steven May and Angela Radcliffe will serve a deposition subpoena on The Purdue Frederick Company. A copy of the subpoena is attached.

The deposition of The Purdue Frederick Company will take place on November 6, 2014, at 9:00 a.m. before a qualified notary public authorized to administer oaths, at 75 Holly Hill Lane, Suite 100, Greenwich, CT 06830. The deposition will be recorded stenographically.

Dated: October 23, 2014

/s/ Paul W. Roop, II
Paul W. Roop, II, Esq. (WVSB #5406)
Roop Law Office, LC
P.O. Box 1145
Beckley, WV 25802
304-255-7667 - Telephone
304-256-5983 - Fax
paulroop@rooplawoffice.com

/s/ Mark T. Hurt
Mark T. Hurt
The Law Offices of Mark T. Hurt
159 West Main Street
Abingdon, VA 24210
276-623-0808 - Telephone
276-623-0212 - Fax
mail@markhurtlawfirm.com
*Counsel for Steven May and Angela Radcliffe*

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of West Virginia

| United States, ex rel May, et al. | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. 5:10-cv-1423 |
| Purdue Pharma, et al. | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:  The Purdue Frederick Company
SERVE: Registered Agent  Prentice-Hall Corporation System, 2711 Centerville Rd., Ste. 400, Wilmington, DE
*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:
Attachment "A"

| Place: 75 Holly Hill Lane
Suite 100
Greenwich, CT 06830 | Date and Time:
11/06/2014 9:00 am |
|---|---|

The deposition will be recorded by this method: Stenographically

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 10/23/2014

*CLERK OF COURT*

OR

_____           /s/ Paul W. Roop  /s/ Mark T. Hurt
*Signature of Clerk or Deputy Clerk*                  *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Steven May and Angela Radcliffe , who issues or requests this subpoena, are:

Mark T. Hurt, The Law Offices of Mark T. Hurt, 159 West Main Street, Abingdon VA 24210  276-623-0808
~~Paul W. Roop, II, Roop Law Office, LC, P.O. Box 1145, Beckley, WV 25802  304-255-7667~~

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 5:10-cv-1423

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
 **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or
  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## Attachment A

1. Relationship of Purdue Pharma, L.P and The Purdue Frederick Company, and any other affiliates with common ownership.

2. The respective roles of Purdue Frederick Company and Purdue Pharma, L.P. in the marketing of OxyContin.

3. Any judicial admissions by Purdue Frederick Company that the marketing of OxyContin had been fraudulent, misleading or false.

4. The role of Richard Sackler in the management of Purdue Frederick Company and its affiliates, including his role in the marketing of OxyContin.

5. The role of Mortimer Sackler in the management of Purdue Frederick Company and its affiliates, including his role in the marketing of OxyContin.

6. The role of Michael Friedman in the management of Purdue Frederick Company and its affiliates, including his role in the marketing of OxyContin.

**NOTE:** The time frame for the above matters is January 1, 1996 to December 31, 2009.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
### BECKLEY

| | |
|---|---|
| United States of America *et al.*, ) | |
| *ex rel.* Steven May and ) | |
| Angela Radcliffe, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 5:10-1423 |
| ) | (Honorable Irene C. Berger) |
| ) | |
| Purdue Pharma L.P. and Purdue ) | |
| Pharma, Inc., ) | |
| ) | |
| Defendants. ) | |

## CERTIFICATE OF SERVICE

We, Mark Hurt and Paul Roop, counsel for relators Steven May and Angela Radcliffe, hereby certify that on the 23rd day of October, 2014, we served the foregoing "Notice of Deposition of The Purdue Frederick Company Pursuant to Rule 45 Subpoena" using the CM/ECF system which will send notification of filing to the following CM/ECF participants:

> Howard M. Shapiro
> Christopher E. Babbitt
> Charles C. Speth
> Wilmer, Cutler, Pickering, Hale & Dorr, LLP
> 1875 Pennsylvania Avenue, NW
> Washington, DC 20006
> *Counsel for Defendants*
>
> Rebecca A. Betts
> John D. Hoblitzell, III
> Kay Casto & Chaney PLLC
> 1500 Chase Tower
> 707 Virginia Street, East
> Charleston, WV 25301
> *Counsel for Defendants*

Carol A. Casto
U.S. Attorney's Office
P.O. Box 1713
Charleston, WV 25326-1713
*Counsel for United States*

Natalie A. Priddy
Attorneys, Civil Division
Commercial Litigation Branch
P.O. Box 261
Ben Franklin Station
Washington DC 20044
*Counsel for United States*

Carlotta R. Hivoral
California Department of Justice
Bureau of Medi-Cal Fraud and Elder Abuse
1455 Frazee Road, Suite 315
San Diego, CA 92108
*Counsel for State of California*

Mary Elizabeth McCullohs
Medicaid Fraud and Integrity Division
P.O. Box 20207
Nashville, TN 37202-0207
*Counsel for State of Tennessee*

Jamie Ann Yavelberg
Attorneys, Civil Division
Commercial Litigation Branch
P.O. Box 261
Ben Franklin Station
Washington, DC 20044
*Counsel for United States*

We further certify that we mailed a copy of the foregoing pleading via United States Postal Service to the following non-CM/ECF participants:

Joyce R. Branda
Attorneys, Civil Division
Commercial Litigation Branch
P.O. Box 261
Ben Franklin Station
Washington, DC 20044
*Counsel for United States*

Sam Olens
Attorney General of Georgia
Office of the Attorney General
40 Capital Square SW
Atlanta, GA 30334
*Counsel for State of Georgia*

Patrick Keenan
Illinois Attorney General's Office
Illinois MFCU
100 West Randolph Street, 12th Floor
Chicago, IL 60601
*Counsel for State of Illinois*

Laura J. Meehan
NYS Office of Attorney General
Medicaid Fraud Control Unit
One Blue Hill Plaza, 6th Floor
Pearl River, NY 10965
845-732-7550 - Telephone
*Counsel for State of New York*

/s/ Paul W. Roop, II
Paul W. Roop, II (WVSB No. 5406)
Roop Law Office, LC
P.O. Box 1145
Beckley, WV 25802
(304) 255-7667
(304) 256-5984 Fax
paulroop@rooplawoffice.com
*Counsel for Relators*

/s/ Mark T. Hurt
Mark T. Hurt
The Law Offices of Mark T. Hurt
159 West Main Street
Abingdon, VA 24210
(276) 623-0808
(276) 623-0212 Fax
mail@markhurtlawfirm.com