IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

UNITED STATES, et al.,

        Plaintiffs,

v.                                CIVIL ACTION NO.   5:10-cv-01423

PURDUE PHARMA L.P., et al.,

        Defendants.

## MEMORANDUM OPINION AND ORDER

The Court has reviewed *Defendants Purdue Pharma L.P. and Purdue Pharma Inc.'s Motion for Attorneys' Fees and Expenses* (Document 216), the *Memorandum in Support of Defendants' Motion for Attorneys' Fees and Expenses* (Document 217), the *Relators' Opposition To Purdue's Motion for Sanctions of Nearly $850,000 Against Relators and Their Counsel* (Document 223) and *Purdue's Reply in Support of Its Motion for Attorneys' Fees and Expenses* (Document 225). The Court has also reviewed the Relators' *Notice of New Controlling Authority* (Document 229) and the *Defendants' Response to Relators' Notice of New Controlling Authority* (Document 230). In addition, the Court has reviewed all exhibits attached to the parties' filings. For the reasons stated herein, the Court finds that the Defendants' motion should be denied.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The facts and procedural history of this case are thoroughly outlined in the Court's *Memorandum Opinion and Order* (Document 210) dismissing the action, as well as in the opinion from the Fourth Circuit Court of Appeals (Document 58) remanding the case. To provide context for the ruling contained herein, the following brief summary is provided.

This case, brought pursuant to the False Claims Act (FCA), involves claims that the Defendants, Purdue Pharma L.P. and Purdue Pharma, Inc. (collectively, Purdue) engaged in misleading marketing of Oxycontin. Simply put, the Relators assert that Purdue overstated Oxycontin's potency in comparison to other drugs in order to market it as less costly.

The Relators in this case are Angela Radcliffe and Steven May. Mr. May worked as a sales representative for Purdue, under the supervision of Mark Radcliffe. Ms. Radcliffe is married to Mark Radcliffe, who was employed as a sales manager for Purdue. Mr. Radcliffe, represented by the same counsel who now represents the Relators, attempted to bring a nearly identical suit in 2005. That suit was dismissed because he had signed a release form when he left his employment with Purdue. Ms. Radcliffe and Mr. May then pursued this suit. After this Court dismissed based on *res judicata* because of Mr. Radcliffe's prior suit, the Fourth Circuit remanded, finding that the release applied only to Mr. Radcliffe. It directed this Court to consider the application of the public disclosure bar, as well as other defenses.

After holding an evidentiary hearing, the Court dismissed for lack of jurisdiction, finding that the public disclosure bar applied to this suit. The attorneys gathered information and documents from Mark Radcliffe, and publicly disclosed the information and some of the documents in his suit. They then reused Mr. Radcliffe's information and documents in this suit, with little contribution from the present Relators, even recycling language from a draft of the later-disclosed complaint. The Relators contended that, because their attorney drafted Mr. Radcliffe's pleadings and had enjoyed access to all of this information prior to its disclosure, his later use of those materials cannot constitute reliance upon a public disclosure. The Court disagreed, finding that the source documents used to generate a public disclosure were part of the

2

public disclosure.

The Court also found, in the alternative, that the Relators' complaint failed to plead fraud with sufficient particularity, pursuant to Rule 9(b) of the Federal Rules of Civil Procedure.

## APPLICABLE LAW

The FCA provides as follows with respect to attorneys' fees:

> If the Government does not proceed with the action and the person bringing the action conducts the action, the court may award to the defendant its reasonable attorneys' fees and expenses if the defendant prevails in the action and the court finds that the claim of the person bringing the action was clearly frivolous, clearly vexatious, or brought primarily for purposes of harassment.

31 U.S.C. § 3730(d)(4). The Fourth Circuit Court of Appeals has held that the proper test to determine whether a claim was clearly frivolous is to consider "whether the relator's claim, when viewed objectively, clearly had 'no reasonable chance of success.'" *U.S. ex rel. Ubl v. IIF Data Solutions*, 650 F.3d 445, 458 (4th Cir. 2011) (quoting *U.S. ex rel. Vuyyuru v. Jadhav*, 555 F.3d 337, 356 (4th Cir. 2009)). In *Ubl*, the Fourth Circuit found it helpful to consider the procedural history of the case, including the lower court's denial of defense motions to dismiss and for summary judgment. *Ubl*, 650 F.3d at 458–59.

In addition, 28 U.S.C. § 1927 provides

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927. Costs and fees under § 1927 are to be awarded without regard to the merits of the litigation. *Gagliardo v. Peninsula Reg'l Med. Ctr.*, 467 F. App'x 237, 238 (4th Cir. 2012)

(unpublished). "Instead, the statute is 'concerned only with limiting the abuse of court processes.'" *Id.* (quoting from *Roadway Express, Inc. v. Piper,* 447 U.S. 752, 762 (1980). Any award should reflect only the costs incurred because of the vexatious conduct. *Id*.

## DISCUSSION

Purdue argues fees should be awarded pursuant to the FCA, as permitted by 31 U.S.C. § 3730(d)(4), pursuant to 28 U.S.C. § 1927, and/or pursuant to the Court's inherent authority to assess attorneys' fees in response to litigation brought in bad faith. It argues that the Relators' counsel acted in bad faith by pursuing this litigation because there was no reasonable chance of success based on both the pleading standard and the public disclosure bar. It seeks to recover the expenses and fees incurred after the filing of the Amended Complaint on May 29, 2014, in the amount of $849,660.55. (Def.s' Mot. at ¶ 12.) In support, Purdue asserts that another federal district judge previously found that similar accusations brought by Mr. Radcliffe were insufficient under Rule 9(b). (Def.s' Mem. at 5–6.) Further, the Fourth Circuit issued a decision in *U.S. ex rel. Nathan v. Takeda Pharm. N. Am., Inc.*, clarifying the applicable pleading standard. 707 F.3d 451 (4th Cir. 2013) *cert. denied*, 134 S. Ct. 1759 (2014). In addition, because "the Relators' claims were based entirely on the information that Mark Radcliffe had already publicly disclosed in *Qui Tam I*," Purdue argues that the claims had no reasonable chance of overcoming the public disclosure bar. (Def.s' Mem. at 8–9.)

The Relators argue in opposition that, although they did not prevail in this Court, the result was not so obvious as to render their efforts clearly frivolous. They note the lack of precedent regarding the question of whether a set of documents used to create a public disclosure may be re-used in a second suit. In addition, they argue that the district judge who handled Mr.

4

Radcliffe's prior action found that it did largely comply with Rule 9(b), belying Purdue's contention that the present amended complaint was clearly deficient. They deny the allegations of bad faith, pointing out that Purdue consented to the filing of the amended complaint after the Fourth Circuit's remand. They further argue that Purdue has failed to present sufficient evidence for the Court to find bad faith and/or vexatious behavior.

In reply, Purdue reiterates that the amended complaint was frivolous in light of *Nathan*. It contends that "where the Fourth Circuit had suggested that Relators should be given an opportunity to amend to address the Rule 9(b) arguments Purdue had raised on appeal….Purdue reasonably did not oppose amendment and instead directed its Rule 9(b) arguments at the Amended Complaint." (Def.s' Reply at 4.) It expands on its argument that the only doctor-specific allegations, those concerning Dr. Jarvis, were undercut by Dr. Jarvis's deposition testimony. It asserts that "the novelty of the facts regarding the public disclosure bar follows from the brazen nature of Relators' scheme to recycle allegations about which they had no independent knowledge from a prior lawsuit" and should not be viewed as a legitimate new area of the law to explore. (*Id.* at 8.)

Finally, the Relators filed a notice describing two recent FCA cases from the Fourth Circuit: *United States ex rel. Wilson v. Graham County S&W Cons. Dist.*, 777 F.3d 691 (4th Cir. 2015) and *United States v. Triple Canopy, Inc.*, 775 F.3d 628 (4th Cir. 2015). Purdue contends in response that neither case is relevant to the issues presented here.

The Court finds that an award of fees is not appropriate in this case. Although this Court found the Relators' efforts to skate between Mr. Radcliffe's release and the public disclosure bar unavailing, there was no clear precedent involving a similar factual scenario. The Court tends to

5

agree with Purdue that such precedent does not exist because few attorneys would choose to attempt such a scheme. Nonetheless, the law is not sufficiently developed to render the Relators' position with respect to the public disclosure bar "clearly frivolous."

There is more case law addressing Rule 9(b) in the context of a FCA complaint. The Fourth Circuit's opinion in *Nathan* involved quite similar allegations. However, *Nathan* was decided relatively recently, and district courts—and attorneys—continue to struggle to apply the appropriate standard in FCA cases. *Nathan* itself recognized the difficult balance between ensuring that defendants have sufficient information to defend claims and permitting relators, who have less access to information than either the (often) corporate defendant or the government, to bring fraud against the government to light. *Nathan*, 707 F.3d at 458. Furthermore, and apart from *Nathan*, the Fourth Circuit suggested that it would be proper for this Court to address Purdue's Rule 9(b) contentions after allowing the Relators to amend their complaint, if desired. Given that history, the Court cannot say the amended complaint had no reasonable chance of success or that the Relators and/or their attorney acted improperly in bringing it.

Purdue's motion for fees based on 28 U.S.C. § 1927 and the Court's inherent powers rests largely on the allegedly frivolous nature of the amended complaint. Having found that the Relators' amended complaint was not clearly frivolous on the merits, the Court does not find that the Relators' attorneys unreasonably multiplied the litigation or acted in bad faith.[1] The Relators

---

[1] The Court has not addressed Purdue's arguments with respect to Dr. Jarvis in detail because his deposition was not properly before the Court on the motion to dismiss, which the Court granted. The case did not reach the summary judgment stage, where consideration of evidence refuting the allegations in the amended complaint would be proper. Thus, the Court does not have a sufficient record to consider a fee request on this basis. However, an attorney who continues to pursue a case after becoming aware that there is no factual basis for allegations that constitute an element of the cause of action could properly be liable for attorneys' fees and other costs under some circumstances. *See Salvin v. Am. Nat. Ins. Co.*, 281 F. App'x 222, 225–26 (4th Cir. 2008) (unpublished) (plaintiff's deposition testimony negated her cause of action).

6

and their attorneys cannot be held solely responsible for the protracted progress of this litigation. They have filed the documents and motions necessary to proceed, and they apparently sought extensive discovery within the Court imposed deadlines. The record does not suggest an attempt on the part of the Relators to cause delay or to increase costs with unnecessary motions. Thus, the Court finds that fees are not warranted pursuant to 28 U.S.C. § 1927 or the Court's inherent powers.

## CONCLUSION

WHEREFORE, following careful consideration and for the reasons stated herein, the Court hereby **ORDERS** that *Defendants Purdue Pharma L.P. and Purdue Pharma Inc.'s Motion for Attorneys' Fees and Expenses* (Document 216) be **DENIED.**

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER: May 20, 2015

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA